UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANGELA D. DOWLING,

Petitioner,

-against-

FEDERAL BUREAU OF INVESTIGATION; PRESIDING JUDGE OF HUDSON COUNTY COURTS, NEW JERSEY,

Respondents.

26-CV-4458 (GBD)

ORDER OF DISMISSAL

GEORGE B. DANIELS, United States District Judge:

Plaintiff Angela Dawn Perez, also known as Angela Perez Dowling and Angela Dawn Dowling, brings this *pro se* action against the Federal Bureau of Investigation ("FBI") and the "Presiding Judge of Hudson County Courts, New Jersey." (Complaint, ECF No. 1, at 1.)[1] Plaintiff did not pay the filing fees required to bring this action or file an application to proceed *in forma pauperis* ("IFP"). This Court dismisses the complaint for the reasons set forth below.

**LEGAL STANDARD**

This Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). This Court must also dismiss a complaint when this Court lacks subject matter jurisdiction over the claims raised. Fed. R. Civ. P. 12(h)(3).

[1] Although Dowling refers to herself as "Petitioner" and to the opposing parties as "Respondents," this Court will refer to the parties as Plaintiff and Defendants.

While the law mandates dismissal on any of these grounds, this Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (internal quotation marks and citations omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

Plaintiff, who is a resident of New Jersey, alleges,[2] "Tax issues, unlawfully took money/refund not follow conduct bill of rights for taxes report illegal activity, suspicious activity stolen. Money missing money zero nature of suit 000 ZERO (petition), physically emotionally, mentally putting me in harms way jeopardizing my health and wellbeing. Urgency, urgent, expedite urgency, urgent petition." (Complaint at 1.)

For relief, Plaintiff seeks "NO[TI]CE TO RESPONDER." (*Id.*)

Plaintiff has an extensive history of filing non-meritorious and frivolous actions in this court. *See, e.g.*, *Perez v. Federal Bureau of Investigations*, No. 26-CV-4207 (S.D.N.Y. filed May 19, 2026); *Perez v. Pima County Justice Court Arizona*, No. 26-CV-4206 (S.D.N.Y. filed May 19, 2026); *Perez Dowling v. Lewis Payne*, No. 26-CV-3888 (LTS) (S.D.N.Y. May 12, 2026) (transferred to United States District Court for the District of New Jersey and warning Plaintiff against abusing IFP privilege). By order dated May 26, 2026, Judge Stanton of the Southern

---

[2] The complaint occasionally includes nonstandard spacing between words. For readability, this Court uses standard spacing when quoting from the complaint. All other spelling, grammar, punctuation, and emphasis are in the complaint unless noted otherwise.

District of New York recounted Plaintiff's litigation history in the Southern District of New York and directed her to show cause why the court should not bar her from filing further civil actions in this court IFP without first obtaining the court's permission. *Perez v. U.S. Treasury Inspector Gen.*, No. 1:26-CV-4161 (LLS), ECF No. 5 (S.D.N.Y. May 26, 2026).[3]

## PLAINTIFF'S COMPLAINT IS DISMISSED

### A. Plaintiff's claims are frivolous

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("An action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory" (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368–69 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475 (internal quotation marks and citation omitted), Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff sues the FBI and a New Jersey State Court judge. Her allegations are incoherent. This Court is unable to identify (1) any legal basis for her claims against Defendants, or (2) any legal theory on which Plaintiff may proceed. *See Denton*, 504 U.S. at 32–33; *Livingston*, 141 F.3d at 437. This Court therefore dismisses the complaint as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

---

[3] This Court also notes that, by order dated July 3, 2026, Judge Stanton of the Southern District of New York barred Plaintiff from filing future civil actions IFP in this court without first obtaining leave to file. *Perez v. U.S. Treasury Inspector Gen.*, No. 1:26-CV-4161 (LLS), ECF No. 7 (S.D.N.Y. July 3, 2026)

**B. Leave to amend is denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Petitioner's complaint does not suggest that she is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding that district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in the complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**CONCLUSION**

This Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated: AUG 04 2026
New York, New York

George B. Daniels
GEORGE B. DANIELS
United States District Judge